IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY L. MATTINGLY, Individually<br>and as Special Administrator of the<br>ESTATE OF TRACEY L. GERINGER,<br>(DAVIS) deceased, and<br>MARGIE N. MECHAN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>INTEGRIS HEALTH, INC.; FIDELITY<br>INVESTMENTS INSTITUTIONAL<br>OPERATIONS COMPANY, INC., and<br>JOHNATHAN DAVIS,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case Number CIV-08-1208-C<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Tracy Geringer Davis was an employee of Defendant Integris and a participant in employee pension benefit plans provided by her employer. Because these plans are governed by and subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., the Court has subject matter jurisdiction over this case. Ms. Davis participated in the Retirement Plan and the Retirement Savings Plan. Upon Ms. Davis's death, Defendant Integris and Fidelity Investments were faced with competing claims to the funds in the benefit plan. Two of the persons claiming entitlement to the plan funds, Ms. Mattingly and Ms. Mechan, brought the present action seeking to establish their entitlement to the funds as against Mr. Davis. Defendants Integris and Fidelity filed this motion seeking to interplead the funds and be dismissed. Defendant Davis has expressed his consent to the

interpleader motion. Neither Ms. Mattingly nor Ms. Mechan has responded and therefore the Court deems they have confessed the motion. See LCvR 7.1(g).

After review of the motion and the Court's file, the Court finds Defendants Integris and Fidelity are entitled to interplead the proceeds of the plans and that all other parties should be permanently enjoined and restrained from asserting any claims in any court relating to these plans against these Defendants. Further, because Defendants Integris and Fidelity have no further interest in the matter, they are entitled to dismissal upon interpleading the funds. Defendants note that depending on who is determined to be entitled to recover, the amount due may differ. Accordingly, the larger amount shall be paid with any overage refunded following final disposition.

Accordingly, the Motion for Interpleader by Defendants Integris Health, Inc., and Fidelity Investments Institutional Operations, Inc. (Dkt. No. 36) is GRANTED. Defendants Integris Health, Inc., and Fidelity Investments Institutional Operations, Inc., are DISMISSED from this action.

IT IS SO ORDERED this 25th day of June, 2009.

/s/ Robin J. Cauthron
ROBIN J. CAUTHRON
United States District Judge