IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY L. MATTINGLY, Individually and as Special Administrator of the ESTATE OF TRACEY L. GERINGER, (DAVIS) deceased, and MARGIE N. MECHAN,<br><br>            Plaintiffs,<br><br>vs.<br><br>INTEGRIS HEALTH, INC.; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC., and JOHNATHAN DAVIS,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case Number CIV-08-1208-C<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed this action seeking a determination of who was entitled to benefits from a retirement plan and a retirement savings plan. Tracey L. Geringer (Davis), was an employee of Defendant Integris Health, Inc. ("Integris") and a participant in a retirement savings plan and a retirement plan. Defendant Fidelity Investments Institutional Operations Company, Inc. ("Fidelity"), was the custodian of the accounts for participants in the plan. At the time of her death, Ms. Davis was married to Defendant Jonathan Davis. Defendant Davis argues that under the terms of the plans, the surviving spouse is the presumptive beneficiary. In response, Plaintiffs assert that even if Mr. Davis is the beneficiary, he has signed a relinquishment of interest and that document precludes any claim to the benefits. The parties are in agreement that the Employee Retirement Income Savings Act of 1974, 29

U.S.C. §§ 1001 *et seq.* ("ERISA"), governs the issues in this case. Defendants Integris and Fidelity sought and received an Order permitting interpleader of the benefits and they have no further interest in the matter.

Plaintiffs filed the present Motion for Partial Summary Judgment requesting the Court determine as a matter of law that the waiver signed by Defendant Davis (hereafter "Defendant") is valid and that Plaintiffs are thereby entitled to the benefits. Defendant objects, arguing the waiver is insufficient as a matter of law as it fails to meet the requirements of a waiver under ERISA.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary

materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

Because the plans at issue are governed by ERISA, there is no right to a jury trial. Thus, to the extent the Court finds facts are in dispute, a bench trial will be held to resolve those disputes. Further, as Defendant notes, to the extent they are unambiguous, the terms of the plans control the benefit determination as a matter of law. Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard, 393 F.3d 1119, 1123 (10th Cir. 2004) ("In interpreting an ERISA plan, the court examines the plan documents as a whole and, if unambiguous, construes them as a matter of law.").

After review, the Court finds the terms of the retirement plan and the retirement savings plan are unambiguous. Therefore, the Court will determine as a matter of law whether the waiver signed by Defendant was effective. The retirement plan defines "beneficiary" as the person or persons designated in writing by the participant. In the absence of such a designation, the beneficiary is the surviving spouse. The Court finds no

provision in the retirement plan, nor have Plaintiffs identified one, which permits a post-death alteration of the beneficiary. Thus, under the clear unambiguous language of the retirement plan, Defendant is the beneficiary and the waiver cannot alter that fact.

Plaintiffs argue that Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan, ___ U.S. ___, 129 S.Ct. 865 (2009), requires a different result. According to Plaintiffs, Kennedy establishes that a waiver can be effective even in the absence of a qualified domestic relations order ("QDRO"). Plaintiffs assert that this holding permits the Court to overlook the specific requirements of ERISA if those requirements would force a person to take something against their expressed desire. As Defendant notes, Kennedy cannot be read as suggested by Plaintiffs. Indeed, the Court finds that Kennedy actually supports the decision herein. The Supreme Court noted that the QDRO issue was not dispositive but rather that the outcome of the case hinged on whether a waiver was effective when it did not comply with plan documents. Id. at 870. The Supreme Court held that the plan documents control and that failure to waive benefits in conformance with the requirements of the plan rendered the purported waiver ineffective. Id. at 875-77. Thus, the Court finds that because the alleged waiver did not comply with the terms of the plan it is a nullity.

The result for the retirement savings plan is the same. The clear language requires the participant to make a designation if the beneficiary is to be anyone other than a surviving spouse. Here, the undisputed facts demonstrate that Ms. Davis did not make a beneficiary election prior to her death; thus, under the clear terms of the plan, the beneficiary is Defendant.

Even if the terms of the plans were not so clear, the Court finds that the waiver signed by Defendant would have no effect on entitlement to the benefits. The document signed by Defendant only waives or releases any claim to any interest in Ms. Davis's estate. It is clear that the plan benefits are not a part of Ms. Davis's estate; thus, the waiver would not impact their distribution.

For the reasons set forth herein, the Court finds that Plaintiffs' Motion for Partial Summary Judgment on the Issue of the ERISA Waiver (Dkt. No. 44) is DENIED.

IT IS SO ORDERED this 17th day of November, 2009.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge